From Fayetteville.
This is to certify that I have sold a negro man by the name of Jim for the sum of £ 160 in hand paid by Isaac Lanier; and I doth warrant the aforesaid slave Jim to be sound and healthy, not over twenty-five years of age. Given under my hand, 12 July, 1796. JOHN AULD.
Teste: FANNY DICKSON.
The negro was delivered to Lanier, and Auld shortly afterwards dying intestate, Harrington obtained letters of administration (139) on his estate. The negro Jim at the time of the sale, and long before, was a freeman and not a slave. Lanier brought an action of assumpsit against Auld's administrator, and declared upon a warranty that the said negro Jim was a slave; and the questions arising in this case and referred to this Court were, whether the above writing executed by Auld contained a warranty that the negro Jim was a slave, and if it did not, whether the law implied such warranty in the contract of sale in this case.
The plaintiff has declared, first, upon an express warranty; and, secondly, upon an implied warranty. The writing signed by Auld contains no warranty that the negro Jim is a slave; it contains a warranty that he is sound, and also that he is not over twenty-five years of age, but is silent as to other qualities. It is true that the word slave is used, but it is evident that this word is merely descriptive of the person to whom the warranty of soundness, etc., was applied. As to the second question, we are of opinion that the law will not imply what is not expressed, where there is a formal contract. Evans' Essay, 32; 1 Fonbl., 364; Doug., 654; 6 Term, 606. The express warranty as to soundness and age excludes any implied warranty as to other qualities. The contract of sale implies no warranty as to the quality of the goods sold, although it may imply a warranty of title when the vendor is in possession at the time of the sale. The plaintiff, however, is not without a remedy; and he having applied to the court for leave to amend his declaration by adding a count for money had and received, we are of opinion that such leave should be granted to him upon such terms as the court below shall direct. *Page 105 
(140)